**Davis Miles**
**McGuire Gardner**

40 E. Rio Salado Parkway, Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Facsimile: (480) 733-3748
www.davismiles.com

Pernell W. McGuire (SBN: 015909)
M. Preston Gardner (SBN: 029868)
*Attorneys for 21st Mortgage Corp.*

# IN UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DIANNE L. WAGNER,<br><br>Debtor. | Chapter 7<br><br>Case No. 0:20-bk-11532-SHG<br><br>**LIMITED OBJECTION TO MOTION TO APPROVE SALE OF REAL PROPERTY**<br><br>Re: 1130 N. 220th Ave.<br>Buckeye, AZ 85326 |

21st Mortgage Corporation ("21st Mortgage"), through undersigned counsel, hereby files this limited objection to the *Motion to Approve Sale of Real Property* filed by the Chapter 7 trustee [Dkt. #34]. 21st Mortgage holds the second-position mortgage against the Real Property and asserts that its claim must be paid from the sale proceeds. In support hereof, 21st Mortgage represents the following.

1.  21st Mortgage asserts that it is the holder of the secured second mortgage for the Real Property located at 1130 S. 220th Ave., Buckeye, Arizona by virtue of a Promissory Note and Deed of Trust recorded in Maricopa County, Arizona on October 12, 2006.

2. 21st Mortgage is in the process of preparing a Notice of Assignment regarding the second mortgage to be recorded with the Maricopa County Recorder. In this case, the second mortgage was properly perfected and its subsequent assignment to 21st Mortgage did not change the nature of the Debtor's interest in the Real Property. Although 21st Mortgage did not record an assignment of the second mortgage, 21st Mortgage asserts that any act to record the assignment of a previously perfected mortgage in Arizona would likely be ministerial in nature and would not be stayed pursuant to section 362 of the Bankruptcy Code. *See* 3 COLLIER ON BANKRUPTCY P 362.03[8][a] (15th ed. 2002) (citing *Morgan Guaranty Trust Co. of New York v. American Sav. & Loan Ass'n*, 804 F.2d 1487 (9th Cir. 1986), *cert. denied*, 482 U.S. 929, 96 L. Ed. 2d 701, 107 S. Ct. 3214 (1987)).

3. It is worth noting that in *Vasquez v. Saxon Mortgage, Inc.*, the Arizona Supreme Court case held that an assignment of mortgage does not need to be recorded prior to the filing of a notice of trustee's sale to enforce the secured obligation against a mortgagor. 228 Ariz. 357, 358, 266 P.3d 1053, 1054 (2011). Accordingly, 21st Mortgage is not required to record a notice of assignment of mortgage to assert its right to payment from the sale of the Real Property. However, 21st Mortgage is willing to proceed with recording a notice of assignment to clarify the record of its ownership of the second mortgage.

\\\

\\\

\\\

2

DATED this 1ˢᵗ day of June, 2021.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

By: */s/ M. Preston Gardner*
    M. Preston Gardner
    Pernell W. McGuire
    *Attorney for 21ˢᵗ Mortgage Corp.*

A copy of the foregoing was emailed
this 1ˢᵗ day of June, 2021 to:

Terry A. Dake
TERRY A. DAKE, LTD
20 E. Thomas Rd., Suite 2200
Phoenix, AZ 85012-3133
tdake@cox.net
*Attorney for Chapter 7 Trustee*

John D. Yohe
McCARTHY & HOLTHUS, LLP
8502 E. Via De Ventura, Suite 200
Scottsdale, AZ 85258
jyohe@McCarthyHolthus.com
*Attorney for Mr. Cooper*

By: /s/ Joan Stoner
    Joan Stoner